# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2013

No. 12-51298
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ADAM DANIEL SHEPHERD,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-643-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Adam Daniel Shepherd was convicted of one charge of failing to register as a sex offender and was sentenced to serve 24 months in prison and 30 years on supervised release. In this appeal, he challenges only the term of supervised release, arguing that it is unreasonable and amounts to plain error because it is more than needed to achieve the sentencing goals of 18 U.S.C. § 3553(a) and because the district court failed to properly weigh his prior offenses, the abuse he suffered as a child, and his ignorance concerning his obligation to register.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under Shepherd's view, the 30-year term of supervised release exaggerates the severity of his offenses and the danger he presents to the public.

As Shepherd acknowledges, his failure to raise his reasonableness challenge in the district court results in application of the plain error standard in this appeal. *See United States v. Allison*, 447 F.3d 402, 405 (5th Cir. 2006). Under this standard, one must show a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). This court has discretion to correct a plain error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id*.

The record reflects that the district court properly considered the nature and circumstances of the offense as well as Shepherd's history and characteristics in determining his sentence. *See* § 3553(a). There is no indication that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing [the] sentencing factors." *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Shepherd's arguments amount to no more than a disagreement with the district court's weighing of the pertinent factors and the propriety of the sentence imposed, which does not suffice to show error, plain or otherwise, in connection with his sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.