# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50991

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ADAM DANIEL SHEPHERD,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas

Before JONES, SMITH, and PRADO, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Adam Shepherd appeals the denial of his 28 U.S.C. § 2255 motion. Because his guilty plea was rendered involuntary by ineffective assistance of counsel ("IAC"), we reverse and grant the motion.

I.

Shepherd exposed himself to two minor girls in Arizona in 2002. Arizona charged him with one count of indecent exposure to a minor (Count 1—a class

six felony) and one count of public sexual indecency to a minor (Count 2—a class five felony).  Under a plea agreement, Count 1 was dismissed, and Shepherd pleaded guilty to an amended Count 2.

The exact nature of the amended charge is disputed.  Shepherd was originally charged with the class five felony of "[p]ublic sexual indecency *to a minor*."  *See* ARIZ. REV. STAT. ANN. § 13-1403(c) (emphasis added).[1]  Conversely, general "[p]ublic sexual indecency is a class 1 misdemeanor." ARIZ. REV. STAT. ANN. § 13-1403(c).  The plea agreement, however, described the charge as "Count 2, Amended, *Attempted Public Sexual Indecency*, a *class 6* designated felony, in violation of A.R.S. 13-1403, . . . 13-1001 . . ."[2]  Section 13-1403 is titled "Public sexual indecency; public sexual indecency to a minor; classification," and Arizona punishes "attempt" offenses as one class below the completed offense.  *See* ARIZ. REV. STAT. ANN. § 13-1001(c).  The amended charge does not indicate that "a minor under the age of fifteen years was present," and the classification of the offense changed.  Shepherd was given a suspended sentence of 230 days and lifetime probation[3] and was required to register as a sex offender.[4]

---

[1] The indictment stated that Shepherd "intentionally or knowingly engaged in an act of sexual contact and was reckless about whether a minor under the age of fifteen years was present, in violation of A.R.S. § 13-1403 . . ."  The Court Information Sheet specified, "COUNT 2: PUBLIC SEXUAL INDECENCY TO A MINOR, A CLASS 5 FELONY."

[2] The Arizona order suspending Shepherd's sentence also states, "OFFENSE: Amended Count II: Attempted Public Sexual Indecency Class 6 Felony . . . ."

[3] After Shepherd violated his probation, Arizona moved to revoke it in 2006, and a non-extraditable arrest warrant was issued.

[4] It appears that but for Shepherd's agreeing to register as a sex offender as part of his plea agreement, Arizona law would not have required him to register, regardless of which crime formed the basis of his plea.  For public-sexual-indecency violations, Arizona law requires registration when the offender has been convicted either three times for general public

No. 15-50991

After his 2003 conviction, Shepherd moved to Nevada. In 2006, he exposed himself to two girls (ages unknown) in Nevada and was charged with "INDECENT EXPOSURE, a violation of N.R.S. 201.220, a felony."[5] In 2007, Shepherd pleaded guilty and was sentenced to 12 to 34 months and was required under Nevada law to register for life as a sex offender.

Shepherd moved to Texas in 2011 but did not register as a sex offender. In 2012, Nicholas Rose, a Deputy U.S. Marshal Criminal Investigator, was notified by police that Shepherd was an unregistered sex offender.[6] According to Rose, he "checked the Texas DPS website that has a list of all registered sex offenders in Texas and Adam Shepherd was not listed." He then requested Shepherd's documents of conviction from Arizona and Nevada and contacted the Texas Department of Public Safety ("DPS"). Upon review, DPS stated, "Only the AZ offense would require registration . . . ."

Shepherd was arrested in June 2012[7] and indicted the next month. He was charged with "knowingly fail[ing] to register and update his registration

---

sexual indecency or twice for public sexual indecency to a minor. *See* ARIZ. REV. STAT. ANN. § 13-3821(A)(16), (18). It does not appear that Shepherd had any prior public sexual indecency convictions.

[5] Nevada prosecutes "indecent or obscene exposure" as a "gross misdemeanor" for the first offense. But subsequent offenses (including comparable out-of-state offenses) and offenses involving minors under the age of 18 are prosecuted as a category D felony. NEV. REV. STAT. ANN. § 201.220. Shepherd was charged by information, which did not refer to the age of the victims but did refer to his previous Arizona conviction. The plea agreement similarly omits the age of the victims but notes the previous conviction. The judgment does not mention either piece of information.

[6] Rose indicated he "do[es]n't know how the detective came about knowing [Shepherd] was here."

[7] That is also the date he was appointed counsel—an Assistant Federal Public Defender.

3

as required by the Sex Offender Registration and Notification Act, [a]ll in viola-tion of Title 18 United States Code, Section 2250(a)." Shepherd acknowledged that he had been living in Texas since 2011 and that he had not registered because he believed he was not required to register under Texas law.

Shepherd entered a plea of "not guilty" and filed an "Unopposed Motion to Continue." Counsel indicated that he had "recently received discovery" and needed "[a]dditional time . . . so that [he] may review discovery with Mr. Shep-herd as well as confer with Assistant United States Attorney Tracy Thomp-son." The court granted the motion in September 2012, and later that month Shepherd pleaded guilty.

At the plea hearing, the magistrate judge requested the government provide the factual basis for the offense. The government responded that "[i]f this case proceeded to trial . . . the Government would prove" that Shepherd was convicted in Arizona and Nevada for indecent exposure and that "[b]oth of those convictions qualify Mr. Shepherd as a sex offender under the Sex Offender Registration and Notification Act." Further, the government claimed it would prove that "at no time did Mr. Shepherd register as a sex offender anywhere in the state of Texas." When questioned, Shepherd stated that he understood and agreed with the government's factual basis.

On December 19, 2012, the district court sentenced Shepherd to twenty-four months of imprisonment, thirty years of supervised release, and a $100 special assessment. Shepherd challenged the supervised release on appeal, and we affirmed. *See United States v. Shepherd*, 542 F. App'x 346 (5th Cir. 2013).

After being released from prison, Shepherd attempted to register as a

No. 15-50991

sex offender in Texas.  But DPS informed him that he did not have a duty to register based on either his Arizona or Nevada conviction.  Shepherd thus filed a motion to vacate his sentence per 28 U.S.C. § 2255 in October 2014.[8]  He claims that he is not currently, nor ever was, under a legal duty to register in Texas and that his trial attorney was ineffective for failing to make that claim.

Upon request to show cause by the magistrate judge, Shepherd submitted a letter dated January 6, 2015, from Randy Ortega, the managing attorney for the crime records service department of DPS.  Ortega stated that he reviewed the Arizona and Nevada convictions, and "[he] do[es] not see that [Shepherd] has a duty to register as a sex offender for either case, as the elements of these offenses as disposed are not substantially similar to a Texas Reportable Conviction . . . ."  Ortega testified that "[he is] the attorney currently who makes the determinations" concerning sex offender registration.[9]

Ortega then explained that before August 30, 2012, DPS utilized a different method to determine whether an out-of-state offense was substantially similar to a reportable Texas offense.[10]  Under the old method, DPS looked both to the elements of and the facts underlying the out-of-state offense.  On August 30, 2012, however, the Texas Third Court of Appeals issued a decision in *Texas Department of Public Safety v. Anonymous Adult Texas Resident*,

---

[8] Though Shepherd served his twenty-four months in prison, the thirty years of supervised release remains in effect.

[9] Ortega, however, was not the attorney who handled the 2012 inquiry about Shepherd's registration status.  Though Ortega was the managing attorney at that time, "one of [his] staff" handled the 2012 inquiry.

[10] Ortega also explained that the governing authority on how to determine whether a crime is substantially similar to a Texas reportable offense is *Prudholm v. State*, 333 S.W.3d 590, 595 (Tex. Crim. App. 2011).

No. 15-50991

382 S.W.3d 531 (Tex. App.—Austin 2012, no pet.), repudiating that method. *Anonymous Adult* restricts DPS to comparing only the elements of an out-of-state offense with the elements of a Texas reportable offense. *Id.* at 535. The facts generally cannot be reviewed.[11]

In regard to Shepherd's Arizona conviction, Ortega explained that DPS originally reviewed the underlying facts and determined "the facts . . . [were] substantially similar to behavior that would otherwise be qualified as a reportable conviction." So "there may have been a prior duty" to register under the old method, but under the current method, where the facts cannot be considered, Shepherd is not required to register. Ortega viewed the Arizona conviction as "attempted public sexual indecency," which does not correlate to any reportable Texas offense. He agreed that "because the offense [Shepherd] pled to removed the word 'minor' from the conviction title," Shepherd "no longer would have to register." The ambiguity of the plea document in regard to the offense caused him to "err[ ] on the side of caution" and "g[i]ve the defendant the benefit of the doubt." Further, Ortega testified that if asked on August 31, 2012, whether Shepherd had a duty to register, he likely would have said no.

Rejecting the recommendation of the magistrate judge, the district court denied Shepherd's § 2255 motion, reasoning "that the DPS erred in concluding in January 2015 that Shepherd was not required to register" because "Ariz. R.S. § 13-1403 is substantially similar to Texas Penal Code § 21.11." *Shepherd v. United States*, Civil Action No. SA-12-CR-643-XR, 2015 WL 5163401, at *3

---

[11] The facts can be reviewed only where the out-of-state offense is broader than the reportable Texas offense. In that case, DPS may consider the facts of the out-of-state conviction to determine whether the perpetrator would have committed an offense under Texas's narrower statute. *See Anonymous Adult*, 382 S.W.3d at 534–35.

No. 15-50991

(W.D. Tex. Sept. 1, 2015). The court granted a certificate of appealability on (1) whether Shepherd's plea was rendered involuntary by "his lack of knowledge about DPS' change in position . . . that his Arizona conviction did not, after all, require that he report" and (2) whether Shepherd was actually innocent of the federal offense.

II.

The Sex Offender Registration and Notification Act ("SORNA"), Title I of the Adam Walsh Child Protection & Safety Act, requires "[a] sex offender [to] register, and keep the registration current, in each jurisdiction where the offender resides . . . ." 34 U.S.C. § 20913(a). "SORNA makes it a federal crime for anyone required to register as a sex offender to travel in interstate commerce and knowingly fail to register or update his or her registration." *United States v. LeTourneau*, 534 F. Supp. 2d 718, 720 (S.D. Tex. 2008) (citing 18 U.S.C. § 2250(a)). "A defendant is subject to SORNA's provisions if (i) he or she has a state law sex offense requiring registration as a sex offender; (ii) then travels in interstate commerce; and (iii) knowingly fails to register or update his or her registration as required by state law." *Id.* (citing 34 U.S.C. §§ 20911, 20912, 20913).

An out-of-state sex offender is required to register in Texas if his offense falls within the requirements of Texas Code of Criminal Procedure Chapter 62. The DPS determines whether an out-of-state offense is substantially similar to a reportable Texas offense so as to require the out-of-state offender to register. TEX. CRIM. PROC. CODE ANN. § 62.003(a). A conviction of indecency with a child is a Texas offense requiring registration. *Id.* § 62.001(5)(A).

No. 15-50991

III.

Shepherd both raises a freestanding claim of actual innocence and challenges the validity of his guilty plea. "[O]ur caselaw does not recognize freestanding actual innocence claims," *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014), so we review only the validity of the plea.

On appeal of the denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Underwood*, 597 F.3d 661, 665 (5th Cir. 2010). The district court's determinations concerning ineffective-assistance claims are reviewed de novo, as are its rulings concerning the voluntariness of a guilty plea.[12]

A.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"[13] "The conditions for a valid plea require, among other things, that the defendant have notice of the charges against him, understand the constitutional protections waived, and have access to the advice of competent counsel."[14] Shepherd asserts that his plea was rendered involuntary on "two closely related, yet legally distinct grounds": (1) IAC and (2) "the fact that neither he, nor any of the parties—

---

[12] *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (ineffective assistance); *United States v. Howard*, 991 F.2d 195, 199 (5th Cir. 1993) (guilty plea; direct appeal); *accord United States v. Reasor*, 418 F.3d 466, 478 (5th Cir. 2005) (denial of motion to withdraw guilty plea).

[13] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

[14] *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).

No. 15-50991

including the District Court—were aware that he was no longer required to register under Texas law." Because we ultimately agree with Shepherd on the first ground, we do not address the second.

## B.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[15] The decision in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the appropriate standard for assessing "ineffective-assistance claims arising out of the plea process." *Hill*, 474 U.S. at 57. "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Washington*, 466 U.S. at 687.

## 1.

"[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* Shepherd "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential[,]" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. We must be careful "to eliminate the distorting effects of hindsight, to reconstruct

---

[15] *Hill,* 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Thus, a court . . . must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's* conduct." *Id.* at 690 (emphasis added). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690–91.

Shepherd's court-appointed counsel testified that he performed only one task before recommending that Shepherd plead guilty:  He "compared the Arizona statute with the Texas statute." He "did not read any case law because at the time [he] thought in [his] analysis it was clear." He "ha[s] no memory of" "learn[ing] that DPS had determined that the defendant, [his] client, was required to register as a sex offender in the state of Texas."[16] He is unsure how he even decided what statutes to compare—"How I arrived [at what statutes to compare]?  I don't know." He did not "talk to anyone from DPS about their determination" or "how they determined that this gentleman was supposed to register[.]" In sum, the attorney "simply bas[ed] [his] decision on the Arizona statute, the Texas statute, and the SORNA statutes."[17]

Under these facts, counsel's lack of inquiry beyond comparing the two

---

[16] The court-appointed attorney also testified, "I don't remember ever seeing that" DPS ruled he had to report.

[17] The attorney also stated, "If I had read the [*Anonymous Adult*] opinion, but I didn't—I didn't review.  I missed it."

No. 15-50991

statutes is IAC.[18]  At a minimum, an attorney should try to discern the method by which a person is deemed required to register under Texas law.  That could be accomplished by doing any one of the following things:  Conduct a cursory search for relevant caselaw, speak with the agency that made the registration decision, or review provided reports indicating what offense allegedly supported the decision.  Shepherd's court-appointed lawyer did none of those things.[19]  If he had, his research would have led him to *Anonymous Adult*.

Where we have held defense counsel effective despite lackluster investigation, we "found either that counsel's decision not to investigate was part of a clearly developed defensive strategy, or that the defendant could point to no specific evidence that would have been uncovered by a more thorough investigation."  *Nealy*, 764 F.2d at 1178.  Counsel offered no strategic reason not to perform at least a cursory caselaw search, and Shepherd can point to specific evidence—*Anonymous Adult*.  "[A] lawyer's duty is to provide the client an understanding of the law and to give competent advice, and [ ] if the lawyer is unfamiliar with the relevant facts and law, the client's guilty plea cannot be knowingly and voluntarily made because it will not represent an informed

---

[18] *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985) ("A substantial body of Fifth Circuit case law insists, however, 'that effective counsel conduct a reasonable amount of pretrial investigation.'" (quoting *Martin v. Maggio*, 711 F.2d 1273, 1280 (5th Cir. 1983) (per curiam))).

[19] *See United States v. Juarez*, 672 F.3d 381, 386 (5th Cir. 2012) ("[T]his circuit has recognized that, at a minimum, counsel has the duty to interview potential witnesses and to make an independent investigation of the facts and circumstances of the case." (alteration in original) (quoting *Nealy*, 764 F.2d at 1177)); *see also Bell v. Watkins*, 692 F.2d 999, 1009 (5th Cir. 1982) ("[W]e have imposed a duty on counsel to make an independent investigation of the facts and circumstances in the case."); *Rummel v. Estelle*, 590 F.2d 103, 104 (5th Cir. 1979) ("[C]ourt-appointed counsel have a duty to interview potential witnesses and 'make an independent examination of the facts, circumstances, pleadings and laws involved.'" (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 721 (1948))).

No. 15-50991

choice."[20]

Furthermore, "[w]e long have recognized that '[p]revailing norms of practice as reflected in American Bar Association standards . . . are guides to determining what is reasonable . . . .'"[21]  "Adequate preparation depends on the nature of the proceeding and the time available, and will often include: reviewing available documents; . . . relevant legal research and factual investigation; and contacting other persons who might be of assistance in addressing the anticipated issues."[22]  Shepherd's counsel failed those standards.

2.

Shepherd must next show prejudice, such that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill*, 474 U.S. at 59.  "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

This determination depends on assessments such as "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea[,]" which "depend[s] in large part on a prediction whether the evidence likely would have changed the outcome of a trial."  *Id.*  Shepherd "has

---

[20] *Juarez*, 672 F.3d at 390 (describing *United States v. Cavitt*, 550 F.3d 430, 440–41 (5th Cir. 2008)).

[21] *Id.* at 388 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)) (internal quotation marks omitted).

[22] ABA Standard for Criminal Justice 4-4.6 (4th ed. 2015); *see also id.* at 4-4.1 ("Defense counsel's investigation of the merits of the criminal charges should include efforts to secure relevant information in the possession of the prosecution, law enforcement authorities, and others, as well as independent investigation.").

to demonstrate that going to trial . . . would have given him a reasonable chance of obtaining a more favorable result."[23] "In assessing prejudice, we consider the totality of the circumstances."[24]

"If the petitioner claims that counsel erred by failing to investigate or discover certain exculpatory evidence, the prejudice determination will depend upon whether the discovery of such evidence would have influenced counsel to change his advice regarding the guilty plea."[25] Shepherd's attorney testified that had he known about *Anonymous Adult*, "[he] think[s] [he] would have filed a motion to dismiss . . . . [I]t would have been [his] position that [Shepherd] wouldn't have had to report . . . . "[I]f [he] had found out that there had been a case that had ruled under similar circumstances [his] client . . . would not have had to report . . . [he] know[s] [he] would have moved to dismiss."[26] These statements indicate that the lawyer would have advised his client differently,

---

[23] *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.) (en banc), *cert. denied*, 137 S. Ct. 236 (2016).

[24] *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014); *see also Batamula*, 823 F.3d at 240.

[25] *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *see also Juarez*, 672 F.3d at 387–88 (finding counsel's "failure to investigate [the facts or law necessary] was unreasonable," in part because counsel admitted that he would have advised his client differently in regard to a guilty plea had he uncovered the relevant information).

[26] Shepherd's attorney also testified as follows:

"And if I had become aware of the fact that the state of Texas no longer considered that particular set of facts sufficient to require that the defendant reports, then it would be my opinion that he would not be guilty of the federal offense . . ."

"Because if it's not criminal now and it's always been not criminal, then there's not a basis for conviction."

"[I would have] challenge[d] the charging document . . . [and informed the judge that he was] about to sentence this person for something that's no longer criminal."

"I would have asked to withdraw the plea, yes."

would have pursued a different legal strategy, and would have maintained that DPS's determination was erroneous before August 30, 2012.[27]

Moreover, *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014), provides

> a non-exhaustive list of potentially relevant factors, including: (1) the defendant's "evidence to support his assertion" that he would have gone to trial had he known the [the relevant circumstances]; (2) "his likelihood of success at trial"; (3) "the risks [he] would have faced at trial"; (4) his "representations about his desire to retract his plea"; . . . and (6) "the district court's admonishments."[28]

The *Kayode* factors support a finding of prejudice. The parties stipulated that Shepherd would have gone to trial if he knew about *Anonymous Adult*. Shepherd's lawyer testified he would have moved to dismiss and counseled Shepherd to go to trial had he known about it. Shepherd likely had colorable theories at trial because of the ambiguities surrounding his Arizona conviction and the erroneous DPS comparison policy. Thus, we cannot presume that he would necessarily accept a plea if offered.[29] And the district court was unaware of *Anonymous Adult* and its implications, such that its admonishments did not make clear that Shepherd was pleading guilty to an offense that he would not be chargeable with as of at least August 30, 2012.

---

[27] *See Juarez*, 672 F.3d at 389 ("Indeed, [counsel] testified to his own mistake and stated that had he independently investigated the defense, he would have withdrawn [the] guilty pleas.").

[28] *Batamula*, 823 F.3d at 241 n.4 (quoting *Kayode*, 777 F.3d at 725–28). We omit factor 5, which relates to evaluating prejudice in the context of a plea that could have immigration consequences. *Id.* ("'his connections to the United States'").

[29] *See also Lee v. United States*, 137 S. Ct. 1958, 1966 (2017) ("But that is not because the prejudice inquiry . . . looks to the probability of a conviction for its own sake . . . . Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one.").

There is, however, an issue of causation. *Anonymous Adult* was decided in the middle of Shepherd's attorney's representation, so talking to DPS or conducting caselaw research, as Shepherd's court-appointed attorney stated, "would've just been fortuity in timing." It is true that had the attorney undertaken thorough investigation between June 15 and August 30, 2012, he would not have uncovered *Anonymous Adult*, and the prejudice inquiry would be more difficult. But that is not the circumstance before us now.

He conducted no such investigation. Instead, on August 31, 2012, he successfully filed an "Unopposed Motion to Continue" in which he stated, "Counsel recently received discovery in this case. Additional time is requested so that counsel may review discovery with Mr. Shepherd as well as to confer with Assistant United States Attorney Tracy Thompson." According to that motion, the lawyer was still in the midst of his "investigation" as of August 31, 2012, such that he does not yet appear to have advised his client to plead guilty. An attorney in his position would have discovered *Anonymous Adult* had he been performing the sort of reasonable investigation that his motion suggests he would be undertaking. Thus, "fortuitous" timing does not bar a finding of prejudice.[30]

The government responds that even if Shepherd is not *currently* required to register, he *was* required to do so *before* August 30, 2012, such that *Anonymous Adult* has no effect on this case.[31] There is a question of whether

---

[30] *See United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999) ("An objectively reasonable attorney, keeping abreast of legal developments related to his case, as he should, would have discovered *Bellazerius* and would have noticed that we had applied *Bellazerius* in another case decided before Williamson's brief was submitted.").

[31] The government claims that DPS is the final arbiter of whether someone must

No. 15-50991

*Anonymous Adult* is retroactive, but we can find no Texas case deciding that question. Thus, that is an open question that Shepherd could have presented at trial to disprove his duty to register.

Moreover, the district court's substantially-similar analysis comes up short.[32] The court seems to have compared Arizona's general "Public Sexual

register, *see Crabtree v. State*, 389 S.W.3d 820, 826, 831 (Tex. Crim. App. 2012), so even if DPS wrongly decides a person must register, that decision stands until DPS revokes it, and Shepherd was indicted for failure to register before DPS's policy change. The problem with that theory is that a DPS determination is challengeable at least through a civil appeal, such that a court can decide that DPS wrongly required someone to register. The DPS determination is thus not unassailable by a defendant. *See* TEX. CODE CRIM. PROC. ANN. § 62.003(c).

Further, the government contends that *Anonymous Adult* introduced a new rule for determining whether someone must register. Shepherd responds that *Anonymous Adult* is not a new rule, because it merely applies *Texas Department of Public Safety v. Garcia*, 327 S.W.3d 898 (Tex. App.–Austin 2010, pet. denied). Thus, *Anonymous Adult* confirms that DPS was bound by *Garcia* and rules that its policy was in violation of that opinion. Both interpretations are plausible. *See Anonymous Adult*, 382 S.W.3d at 535 ("[T]he actual analysis employed in *Garcia* is consistent with our interpretation of [the Texas Sex Offender Registration Act] as requiring that, except in unusual cases, the elements of the relevant offenses be compared for substantial similarity without regard to individual facts and circumstances."). Ortega agreed that *Anonymous Adult* "didn't change the law. It just directed DPS to use a different way of comparing statutes." The parties thus could have disputed that question had Shepherd not pleaded guilty.

[32] The district court also hints that DPS made no registration determination; the court said that "a DPS attorney opined" on whether Shepherd must register. That is a mischaracterization. DPS informed Shepherd that he was not required to register when he attempted to register following his release from prison. On request of the magistrate judge that Shepherd provide cause to show that he did not have to register, Shepherd submitted a letter from Ortega—then managing attorney of DPS's crime records service department—confirming that Shepherd did not need to register in Texas. That letter is printed on official DPS letterhead, and Ortega testified that only "[a] district court in Travis County could" override any determination he made.

Additionally, though neither party discusses it, that there is ambiguity over whether a defendant can challenge a DPS registration decision in the context of a criminal appeal. *See Crabtree*, 389 S.W.3d at 831. Regardless, in the context of this appeal, we are deciding only whether the plea on September 24, 2012, was "knowing and voluntary," and our inquiry is limited to the time leading up to the plea. *See Washington*, 466 U.S. at 690 ("Thus, a court

No. 15-50991

Indecency" statute to Texas's "Indecency with a Child" statute and found the two substantially similar. But the former is likely not substantially similar to the latter.[33] The latter requires the presence of "a child younger than 17 years of age," but the former does not. Though *Anonymous Adult* allows review of the underlying facts where an offense criminalizes conduct broader than the comparable reportable Texas offense, in this instance Arizona has a separate offense for public indecency to a minor. Thus, in reviewing Arizona's § 13-403(a), we cannot remove our blinders and review the underlying conduct.[34]

On the other hand, Arizona's "Public Sexual Indecency to a Minor" statute may be substantially similar.[35] But, as explained above, there is ambiguity as to whether Shepherd pleaded guilty of "Public Sexual Indecency" or

---

deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, *viewed as of the time of counsel's conduct.*" (emphasis added)). *Crabtree* was decided on October 31, 2012—two months after *Anonymous Adult* and more than one month after the plea. Thus, at the time of the plea, it had not yet been suggested that a defendant may challenge a DPS determination only in a civil proceeding under TEX. CODE CRIM. PROC. ANN. § 62.003(c).

[33] *Compare* ARIZ. REV. STAT. ANN. § 13-1403(a) ("A person commits public sexual indecency by intentionally or knowingly engaging in [an act of sexual contact], if another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act.") *with* TEX. PENAL CODE ANN. § 21.11 ("(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex . . ., the person: . . . (2) with intent to arouse or gratify the sexual desire of any person: (A) exposes the person's anus or any part of the person's genitals, knowing the child is present . . . .").

[34] In fact, Ortega testified that "21.07 of the Texas Penal Code, public lewdness, has elements that are substantially similar, if not almost exact to the Arizona offense of public sexual indecency." Ortega explained that public lewdness is not a reportable offense. *See* TEX. CODE CRIM. PROC. ANN. § 62.001(5) (defining reportable offenses).

[35] *See* ARIZ. REV. STAT. ANN. § 13-1403(b) ("A person commits public sexual indecency to a minor if the person intentionally or knowingly engages in any of the acts listed in subsection A of this section and such person is reckless about whether a minor who is under

17

No. 15-50991

"Public Sexual Indecency to a Minor." The plea document does not mention "minor" but only says "Public Sexual Indecency." *Anonymous Adult* bars us from looking to the underlying facts when determining whether an offense is substantially similar to a registrable Texas offense. That issue is, again, something both parties can dispute in any later proceedings. We address only whether Shepherd's plea was knowing and voluntary, and he has a viable defense that he was not convicted of an offense that DPS deemed reportable.[36]

Given the totality of the circumstances, Shepherd was prejudiced by IAC, thereby rendering his plea involuntary. The order denying the § 2255 motion is REVERSED, and an order granting it is RENDERED.

---

fifteen years of age is present."). Of note, Ortega indicated Arizona's public sexual indecency to a minor offense "would not be exactly substantially similar to a Texas reportable conviction, but could be . . . ."

[36] Proving that a defendant was convicted of the offense that DPS finds substantially similar is an element of proving failure to register in Texas. *Crabtree*, 389 S.W.3d at 832–33.

No. 15-50991

EDITH H. JONES, Circuit Judge, dissenting:

The majority today reverses the district court's denial of Adam Shepherd's § 2255 motion and then grants his motion. With due respect, this is an unnecessary ruling because Shepherd's Arizona conviction documents show he was convicted of a crime that is substantially similar to Texas's "Indecency with a Child" statute. I respectfully dissent.

The majority finds that Shepherd's guilty plea was involuntary due to ineffective assistance of counsel. The alleged deficiency by Shepherd's defense counsel was his failure to find a Texas Third Court of Appeals decision, *Texas Department of Public Safety v. Anonymous Adult Texas Resident*, which was issued, but did not become a final decision, during Shepherd's prosecution proceedings. *Anonymous Adult* changed the method by which the Department of Public Safety ("DPS") determines whether someone was required to register as a sex offender in Texas for out-of-state offenses. 382 S.W.3d 531 (Tex. App.—Austin 2012, no pet.). The majority incorrectly holds that Shepherd was prejudiced by counsel's unconstitutional ineffective failure to discover *Anonymous Adult*.

As the majority explains, *Anonymous Adult* directs the DPS to compare only the elements of an out-of-state offense with the elements of a Texas reportable offense when determining whether a person must register in Texas. *Id.* at 535. The majority finds that Arizona's general "Public Indecency" statute is not substantially similar to Texas's "Indecency with a Child" statute as the district court held. The majority is correct on this point. They go on to state that "Arizona's 'Public Sexual Indecency to a Minor' statute may be substantially similar [to Texas's 'Indecency with a Child' statute]."

19

No. 15-50991

Majority Op. at 16; *see* Ariz. Rev. Stat. Ann. § 13-1403; Tex. Penal Code Ann. § 21.11. The majority concludes, however, that "there is ambiguity as to whether Shepherd pleaded guilty of 'Public Sexual Indecency' or 'Public Sexual Indecency to a Minor' because "[t]he plea document does not mention 'minor' but only says 'Public Sexual Indecency.'" *Id.*

Despite the majority's conclusion, Shepherd's plea document is not ambiguous. The document states that Shepherd agrees to plead guilty to "Attempted Public Sexual Indecency, a class 6 designated felony, in violation of A.R.S. 13-1403 . . . 13-1001 . . . committed on August 28, 2002." ROA.162. While this document does not explicitly state Shepherd acted toward a minor, Arizona law makes clear that Shepherd agreed to plead guilty to attempted public sexual indecency involving a minor. Section 13-1403, titled "Public sexual indecency; public sexual indecency to a minor; classification," states that "[p]ublic sexual indecency is a class 1 *misdemeanor*" and "public sexual indecency to a minor is a class 5 *felony*." Ariz. Rev. Stat. Ann. § 13-1403(c) (emphasis added). Section 13-1001, which is cited in Shepherd's plea document as applicable law, defines an attempt and lists classifications for attempted crimes. It states that "Attempt is a . . . [c]lass 6 felony if the offense attempted is a class 5 felony." Ariz. Rev. Stat. Ann. § 13-1001(c). "Attempt is a . . . [c]lass 2 misdemeanor if the offense attempted is a class 1 misdemeanor." *Id.*

Shepherd's plea document makes clear that his offense is a "class 6 felony." Arizona's attempt classification thus tells us that the crime Shepherd attempted is a class 5 felony when completed. Public sexual indecency to a minor is a class 5 felony. See Ariz. Rev. Stat. Ann. § 13-1403. Nondescript public sexual indecency

No. 15-50991

is a class 1 misdemeanor when completed, so an attempt would have been classified a class 2 misdemeanor. Id. Shepherd did not plead guilty to a class 2 misdemeanor, so he must have been pleading guilty to attempted public sexual indecency with a minor.[1] This conclusion requires no consideration of the facts underlying Shepherd's conviction. DPS could have determined Shepherd was required to register regardless whether Anonymous Adult applied retroactively to Shepherd's failure to register before August 30, 2012. Therefore, the Federal Public Defender's failure to uncover Anonymous Adult, even if an instance of defective representation (which I find debatable), did not prejudice his client. I would affirm the district court's denial of Section 2255 relief.

---

[1] Section 13-1001 contains no provision allowing for classification of an attempted misdemeanor as a felony.