# United States Court of Appeals for the Fifth Circuit

No. 21-10233

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTIAN WINCHEL,

*Defendant—Appellant*.

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:19-CV-2290

Before JOLLY, JONES, and HO, *Circuit Judges*.

E. GRADY JOLLY, *Circuit Judge*:*

Christian Winchel, a federal prisoner, was convicted on his plea of guilty to child pornography crimes. After sentencing, Winchel filed this 28 U.S.C. § 2255 motion, challenging the validity of his guilty plea, on the basis that he received ineffective assistance of counsel ("IAC"). Therefore, he argues that his guilty plea was involuntary, and that his conviction should be vacated.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-10233

The district court denied his motion. On appeal, Winchel contends that the district court erred in denying his IAC claims and abused its discretion in denying his requests for discovery and for an evidentiary hearing. For the reasons set forth below, we AFFIRM.

I.

We begin with an overview of the investigation that led to Winchel's conviction. Between 2012 and 2014, the Federal Bureau of Investigation ("FBI") investigated "Website A." Website A allowed users to post and access images and videos depicting child pornography. During their investigation, the FBI determined that one account on Website A bore Winchel's IP address. The FBI used this information to support a search warrant of Winchel's residence, and a search led to the discovery and seizure of computers, tapes, and other digital storage equipment that contained thousands of videos and images depicting sexually graphic and exploitative images of children. In an interview with the FBI, Winchel ultimately admitted that he was producing child pornography videos so that he could trade the videos online.

A grand jury charged Winchel with (1) production of child pornography; (2) transporting and shipping child pornography; and (3) two counts of possession of prepubescent child pornography. Winchel later pleaded guilty to all charges except for one count of possession of prepubescent child pornography, which the Government dismissed pursuant to his plea agreement. Winchel's plea agreement contained a waiver of his appellate and postconviction rights.

At his rearraignment, Winchel stated that he was "glad it was over" and that there were no excuses for his "completely inappropriate and unacceptable behavior." Winchel's counsel advised the court that Winchel "chose on his own" to forgo trial, despite having "nothing to lose," and that

No. 21-10233

he pleaded guilty, in part out of consideration for the families and victims. His counsel argued for mitigation because of his decision. Winchel also stated that he understood the nature of the charges against him, was satisfied with counsel's advice and representation, and was pleading guilty voluntarily. The district court sentenced him to a total of 600 months of imprisonment and entered a restitution order.

Later, Winchel had second thoughts. After his 600-month sentence began, he moved for post-conviction relief under 28 U.S.C. § 2255. He attacked the validity of his plea based on two primary IAC claims, which in his mind rendered his plea involuntary. First, he alleged that counsel failed to retain an expert to investigate tactics used by law enforcement to obtain his IP address. Second, he alleged that counsel failed to move for suppression of the evidence based on the "international silver-platter doctrine."[1] Winchel claimed that but for these deficiencies, he would not have entered the plea and would have demanded a jury trial. Winchel also requested discovery and an evidentiary hearing on this motion.

The magistrate judge rejected Winchel's arguments. First, the magistrate judge determined that Winchel's guilty plea was knowing and voluntary. The magistrate judge further found that Winchel's plea agreement waived his pre-plea IAC claims because his claims were "not fundamentally related to the entry of his voluntary plea."

The magistrate judge then addressed Winchel's requests for discovery and an evidentiary hearing. The magistrate judge concluded that because Winchel's claims regarding the voluntary nature of his plea

---

[1] The "international silver platter doctrine" is a term that the Second Circuit adopted with respect to potential exclusion of evidence obtained from foreign law enforcement sources. *United States v. Getto*, 729 F.3d 221, 227–28 (2d Cir. 2013).

No. 21-10233

"lack[ed] merit for reasons wholly supported by the record," an evidentiary hearing was unnecessary and discovery was moot.

The district court adopted the findings, conclusions, and recommendation of the magistrate judge and denied Winchel's § 2255 motion. This appeal followed.

## II.

We review a district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). "[W]e may affirm for any reason supported by the record, even if not relied on by the district court." *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam).

## III.

## A.

We first address whether the district court erred when it adopted the magistrate judge's finding that Winchel's IAC claims were not related to the entry of his voluntary plea and were therefore barred by his plea agreement.

It is true that "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived." *Cavitt*, 550 F.3d at 441 (quoting *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). And this waiver "includes claims of ineffective assistance of counsel." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). But there is an exception to this rule that applies here: A guilty plea does not waive IAC claims when "[counsel's] ineffectiveness is alleged to have rendered the guilty plea involuntary." *Id.*

Here, Winchel alleged that his plea was involuntary because of counsel's constitutionally-ineffective performance. Specifically, Winchel alleged that, but for counsel's failure to investigate the Government's tactics

4

No. 21-10233

used to obtain his IP address and move for suppression of that evidence, he would not have pleaded guilty, and instead, he would have proceeded to trial. Stated differently, in challenging the competency of counsel's performance with regards to filing a motion to suppress, Winchel challenged the voluntariness of his guilty plea.

The magistrate judge, however, did not see it that way. The magistrate judge instead concluded that Winchel's claims were "not fundamentally related to the entry of his voluntary plea" and that therefore his plea agreement waived his IAC claims. But the magistrate judge was mistaken because this court treats allegations of counsel's failure to investigate viable grounds for suppressing evidence, as challenges to the validity of a guilty plea. *See, e.g.*, *United States v. Shepherd*, 880 F.3d 734, 741–46 (5th Cir. 2018) (finding counsel's failure to investigate exculpatory evidence affected voluntariness of plea). Accordingly, the district court erred in adopting the magistrate judge's finding that Winchel's IAC claims were not related to the voluntariness of his plea and were therefore barred by his plea agreement.

B.

Thus, having held that the district court erred in concluding that Winchel's plea agreement barred any consideration of his IAC claims, we must now ask whether to remand to allow the district court to first consider those claims. Here, we think that remand is unnecessary because other independent grounds in the record allow us to affirm the district court's denial, *see Day v. Quarterman*, 566 F.3d 527, 537 (5th Cir. 2009) (citing *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000)); that is, Winchel has failed to provide contemporaneous evidence showing that counsel's alleged deficient performance caused him prejudice.

To prevail on his IAC claims, Winchel must show that (1) counsel's performance "fell below an objective standard of reasonableness" and (2)

that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To demonstrate prejudice in the context of his guilty plea, Winchel must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But we must be cautious not to upset Winchel's guilty plea solely because of his "post hoc assertions" that he would not have pleaded guilty but for counsel's deficient performance. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). To address this concern, we look to "contemporaneous evidence to substantiate a defendant's expressed preferences" at the time of his pleading. *Id.*

Here, Winchel argues that he would not have pleaded guilty if counsel (1) had hired an expert and investigated the Government's IP evidence, and (2) had moved to suppress evidence, asserting the "international silver-platter doctrine." The record, however, does not support these arguments.

To the contrary, the record shows that counsel *did* investigate the Government's IP evidence and that counsel *did* hire an expert to evaluate Winchel's claims. The Government submitted an unchallenged affidavit from counsel indicating that (1) he was paid to hire a computer expert, and that (2) he hired and consulted with that expert. *See also United States v. Newton*, No. 19-11196, 2022 WL 4116914, at *2 (5th Cir. Sept. 9, 2022) (per curiam) (citing counsel's affidavit as grounds for upholding the denial of relief on an IAC claim). Counsel's affidavit also indicates that following the expert's investigation, Winchel and counsel discussed options on how to proceed, including filing a motion to suppress. Ultimately, the record shows they jointly decided against filing such a motion.

And even if counsel "erred" as Winchel alleges, Winchel has not provided contemporaneous evidence that but for those errors, he would have insisted on going to trial. Indeed, the record shows that Winchel rejected

No. 21-10233

filing a motion to suppress. He instead chose to plead guilty primarily to focus on mitigating his sentence. For example, at sentencing, Winchel's counsel argued for a reduced sentence in the light of Winchel's decision to forgo trial and spare his victims and their families. Moreover, it is relevant to Winchel's state of mind that only after the judge sentenced him to 600 months in prison did he express dissatisfaction with his plea agreement and counsel's performance. *See Young v. Spinner*, 873 F.3d 282, 287 (5th Cir. 2017) (noting that defendant's failure to seek to withdraw plea prior to sentencing weighs against a finding of prejudice).

Accordingly, because Winchel cannot show that he was prejudiced by counsel's performance, we affirm the district court's denial of Winchel's § 2255 motion.

IV.

To sum up: We hold that the district court was incorrect to conclude that Winchel's plea agreement barred his IAC claims. Nevertheless, the district court's judgment denying Winchel's § 2255 motion is affirmed because Winchel has failed to show that he was prejudiced by counsel's purportedly deficient performance. Accordingly, the district court's judgment denying Winchel's § 2255 motion is AFFIRMED.[2]

AFFIRMED.

---

[2] Because we have held that the record shows Winchel's IAC claims are facially meritless, we also hold that the district court did not abuse its discretion in denying Winchel's request for an evidentiary hearing. *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013) (citing *Cavitt*, 550 F.3d at 442) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"). For the same reasons, the district court did not err in denying Winchel's request for discovery because Winchel has failed to demonstrate good cause for additional discovery. *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004).